# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM WIMBLEY,<br>    Plaintiff,<br><br>v.<br><br>MCCURTAIN COUNTY JAIL TRUST,<br>MCCURTAIN COUNTY BOARD OF<br>COUNTY COMMISSIONERS, and<br>TURN KEY HEALTH CLINICS, LLC,<br><br>    Defendants. | Case No. CIV-25-078-RAW-GLJ |

## ORDER

Before the court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge Gerald Jackson, recommending that the motions to dismiss filed by Turn Key Health Clincis, LLC ("Turn Key") and the McCurtain County Board of County Commissioners ("the Board") [Docket Nos. 14 and 19] be denied [Docket No. 36]. Also before the court are the Objections to the R&R filed by Turn Key and the Board [Docket Nos. 38 and 37].

Magistrate Judge Jackson found that Plaintiff's Complaint alleges systemic violations of a pretrial detainee's right to constitutionally adequate medical care, carried out by multiple actors pursuant to a defective Turn Key policy. Plaintiff alleges that Turn Key's contract with the McCurtain County Jail Trust ("Jail Trust") allocating financial responsibility for the costs of all pharmaceuticals and offsite medical services up to a set amount created a dual financial incentive to under-prescribe and under-administer medications and to avoid off-site medical costs. Such a policy standing alone is insufficient to establish liability. Plaintiff, however, also alleges that Turn Key employs only one doctor for all of its Oklahoma facilities.

Moreover, Plaintiff cites eighteen other instances of alleged inadequate care at Oklahoma Turn Key facilities involving Turn Key personnel, at least ten of which involve some variation of the same complaints alleged by Plaintiff. These other instances, along with Plaintiff's other allegations support an inference that Turn Key had a custom or policy of maintaining an inadequately funded health care delivery system which caused Turn Key's deliberate indifference to Plaintiff's obvious need for medical care.

Turn Key filed a partial objection to the R&R, arguing that Plaintiff's contract allegations do not pertain to the contract between Turn Key and the Jail Trust. Turn Key notes that not every county jail has the same capabilities or resources and that the contracts between Turn Key and various correctional facilities are not identical. This is, of course, a matter for a summary judgment motion. For purposes of a motion to dismiss, the court accepts as true all well-pleaded facts in a complaint and construes those facts in the light most favorable to the plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017).

Turn Key also argues that the other eighteen instances cited by Plaintiff are irrelevant. Turn Key ignores the portion of the R&R noting that while not all eighteen of the cases appear sufficiently similar to Plaintiff's, at least ten or eleven involve some variation of the same allegations – "repeated requests for medication and/or treatment, repeated or prolonged complaints of symptoms and manifestations of visible symptoms, and Turn Key employees ignoring symptoms related to medical histories they had knowledge of." Docket No. 36, at 12 (citing Docket No. 2, at 14-33.).

The court agrees that Plaintiff has plausibly alleged systemic violations of his right to constitutionally adequate medical care, carried out by multiple actors pursuant to a defective Turn Key policy. Turn Key's Objection to the R&R is overruled.

Magistrate Judge Jackson further correctly found that the Board's arguments do not negate the statutory provisions in 19 OKLA. STAT. § 4. Section 4 provides in pertinent part that "[i]n all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of _____,' but this provision shall not prevent county officers, where authorized by law, from suing in their official name of the benefit of the county." As the Magistrate Judge found, under this provision, the proper party in this case would be the Board or the sheriff in his official capacity.

In its objection, citing 60 OKLA. STAT. §§ 176.1 and 179 and 19 OKLA. STAT. § 513.2, the Board reiterates its argument that the Jail Trust exists as a separate and distinct legal entity which separately and independently runs and is responsible for the jail. As such, the Board argues that it has no final policy-making authority in the operation of the jail. The Board has cited nothing that shows it may assign its liability and/or exempt itself from liability by creating a trust.

Moreover, as noted by Magistrate Judge Jackson, the Western District of Oklahoma has concluded that "the County, through the board of county commissioners, could not exempt itself from liability by placing liability on the jail trust authority because the latter entity was created in furtherance of the County itself." *Cooper v. Oklahoma*, No. 22-2027-D, 2023 WL 39440559, at *2 (W.D. Okla. May 10, 2023), *report and recommendation adopted*. Also as noted by Magistrate Judge Jackson, this is consistent with Eastern District of Oklahoma precedent. *See Hill v Okmulgee County Criminal Justice Authority*, No. CIV-18-394-SPS, 2019 WL 11000375, at *2 (E.D. Okla. April 18, 2019) (noting that § 513.2 "speaks to duties, not liability, and does not negate the statutory provision regarding naming the Board."). The Board's Objection to the R&R is overruled.

The court has reviewed the Complaint in this case as well as the motions to dismiss, the responses and replies thereto, the R&R, and the objection thereto. After a *de novo* review, the court finds that the R&R is well-supported by the prevailing authority. Accordingly, the R&R [Docket No. 36] is hereby affirmed and adopted as this court's Findings and Order. The motions to dismiss [Docket Nos. 14 and 19] are hereby denied.

**IT IS SO ORDERED** this 29th day of October, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**